# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00064-COA

**GARRY WILLIAM SNOWDEN A/K/A WILLIAM SNOWDEN**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/20/2024 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/04/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT**:

¶1.     On April 9, 2024, Garry William Snowden filed a "Motion for Post-Conviction Relief and Supporting Authorities" in the Circuit Court of Hinds County, Mississippi. Snowden's request for relief was denied by an order entered on December 20, 2024. Snowden appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     According to Snowden's motion for relief and the attachments to it, he was indicted by a Hinds County grand jury in June 1995. Snowden's indictment charged him with house burglary, kidnapping, and aggravated assault. The record shows that the original criminal

proceedings against Snowden are found in Cause No. 95-1497.[1] Snowden attached certain uncertified copies of documents from that file to his motion. These documents purported to show that in March 1996 Snowden entered pleas of guilty to kidnapping and aggravated assault.[2] In May 1996, Snowden was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC) for kidnapping and twenty years for aggravated assault, with the sentences set consecutively.

¶3.	Apparently, sometime in the early 2000s, Snowden filed a motion for post-conviction relief. We do not know the basis of that claim because there is no certified copy of that civil action in the appellate file. Apparently that motion was successful, and Snowden's 1996 convictions and sentences were set aside. There are two uncertified copies of judgments of convictions and sentencing orders for the same offense and in the same cause number as the original convictions attached to Snowden's motion in this cause.[3] These orders show that Snowden again pled guilty to aggravated assault and kidnapping. He was sentenced to serve ten years, with two years suspended, for aggravated assault and thirty years to serve, with twenty-two years suspended, for kidnapping. The orders further provide that the sentences

---

[1] A certified copy of that criminal file is not contained in the appellate record. There is no transcript of the guilty plea proceeding, but Snowden attached a transcript of the sentencing hearing to his motion.

[2] The house burglary charge was remanded to the files.

[3] There are no transcripts of the guilty plea or the sentencing hearing. Based upon the judgments of conviction and sentencing order, this hearing and plea occurred on January 23, 2004.

were to run concurrently, and with credit for time already served on the 1996 convictions, the order provided that Snowden was to be released on that day, January 23, 2004.

¶4. On April 9, 2024, Snowden filed the motion for post-conviction relief that is the subject of this appeal. Although Snowden was apparently released from the custody of the MDOC on the day of his 2004 sentencing and apparently completed the five years of supervised probation as required by the 2004 order, Snowden's 2024 motion sought to reverse his 2004 convictions and sentences. In this motion, Snowden contended that he was not competent to enter guilty pleas in 2004. A hearing on the motion was conducted on December 11, 2024.

¶5. At this hearing, on direct examination, Dr. Mark Webb testified that based upon his examination, Snowden was not competent to enter his guilty pleas in 2004. During cross-examination, the State questioned Dr. Webb about the medical records from the Mississippi State Hospital (MSH), documents which had been introduced during his direct examination.[4] These reports from MSH show that Snowden was found to be competent at that time. The judgments of conviction and sentencing orders from 2004 also tend to indicate that in 2004 the trial court found Snowden to be competent. In any event, Dr. Webb maintained that it was his opinion that Snowden was not competent to enter pleas of guilty. At the conclusion of the hearing, the circuit court found that Snowden was competent to enter his guilty pleas in 2004 and denied his claim for relief. An order was entered on December 20, 2024, denying the

---

[4] These records appear to be from 1995 and 1996.

motion for post-conviction relief. This appeal followed.

## ANALYSIS

¶6.     On appeal, the State argues that Snowden's motion is time-barred and that no exception applies to Snowden's claims in this case. Before the circuit court, and here on appeal, Snowden relies upon the "fundamental rights" exception which was judicially created in *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), and other cases. However, in *Howell v. State*, 358 So. 3d 613, 616 (¶12) (Miss. 2023), the Mississippi Supreme Court stated:

> [W]e overrule *Rowland I*, *Rowland II*, and any other case in which, and to the extent that, we have held that the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the Uniform Post-Conviction Collateral Relief Act.

After *Howell*, Snowden bore the burden to prove by a preponderance of the evidence that his claim met one of the statutory exceptions to the three-year time-bar. *See Simoneaux v. State*, 359 So. 3d 665, 667-68 (¶¶7-8) (Miss. Ct. App. 2023).

¶7.     Snowden pled guilty, a second time, to aggravated assault and kidnapping in 2004. His motion for post-conviction relief was filed in 2024. The statutory exceptions to the time bar provided by Mississippi Code Annotated section 99-39-5(2)(a)(i) (Rev. 2020) are

> an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or . . . evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.

We find that Snowden failed to show that his claim of incompetence at the time of his 2004

pleas of guilty meets either of the statutory exceptions.

## CONCLUSION

¶8. Because we find that Snowden's motion is barred by the three-year statute of limitations and that no statutory exception to the bar is applicable, we affirm the circuit court's denial of Snowden's claim for post-conviction relief.[5]

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

---

[5] In *Dunaway v. State*, 111 So. 3d 117, 119 (¶10) (Miss. Ct. App. 2013), this Court stated:

> "It is well-settled law that on appeal this Court may affirm a circuit court's ruling for different reasons than those offered by the circuit court." *Campbell* [*v. State*], 75 So. 3d [1160,] 1162 (¶9) [(Miss. Ct. App. 2011)].

5